IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,213-02






EX PARTE CARL WILEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006-411947 IN THE 140TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to eight years' imprisonment. 

 Applicant raises six grounds attacking his conviction, but the habeas record also contains
letters "requesting the court of appeal not to consider the Writ of Habeas Corpus . . . and to void it."
After the habeas record was forwarded to this Court, Applicant mailed a motion objecting to the
State's response and the trial court's findings. Applicant's intentions as to whether he still wishes
to pursue his application for the writ of habeas corpus are unclear. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
It appears that Applicant is proceeding pro se. The trial court shall provide Applicant with the
opportunity to clarify whether he wants his application dismissed or whether he wishes to proceed. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant wishes to proceed with
his application for the writ of habeas corpus, or whether his intent is to have the application
dismissed. Though the trial court has already made findings of fact and conclusions of law with
respect to the merits of Applicant's allegations, the trial court may also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 3, 2009

Do not publish